IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.   **1:22-cv-02277-GPG**
                   (To be supplied by the court)

_Paul L. Freeman_____, Plaintiff

v.

_Officer Horst_____,

_Officer Shultz_____,

_Unknown Administrative Agent_____,

_____, Defendant(s).

**Jury Trial requested:**
(please check one)
✓ Yes ___ No

RECEIVED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
MAR 27 2023
JEFFREY P. COLWELL
CLERK

*(List each named defendant on a separate line. If you cannot fit the names of all defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Section B. Do not include addresses here.)*

## AMENDED PRISONER COMPLAINT

### NOTICE

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

**Plaintiff need not send exhibits, affidavits, grievances, witness statements, or any other materials to the Clerk's Office with this complaint.**

A.  **PLAINTIFF INFORMATION**

*You must notify the court of any changes to your address where case-related papers may be served by filing a notice of change of address. Failure to keep a current address on file with the court may result in dismissal of your case.*

Paul L. **Freeman**; #135440;
    (Name, prisoner identification number, and complete mailing address)

Paul L. Freeman #135440
BVCF South Unit
P.O. Box 2017
Buena Vista, Colorado 81211

(Other names by which you have been known)

*Indicate whether you are a prisoner or other confined person as follows: (check one)*

____    Pretrial detainee
____    Civilly committed detainee
____    Immigration detainee
✓       Convicted and sentenced state prisoner
____    Convicted and sentenced federal prisoner
____    Other: (*Please explain*) _____

B.   **DEFENDANT(S) INFORMATION**

*Please list the following information for each defendant listed in the caption of the complaint. If more space is needed, use extra paper to provide the information requested. The additional pages regarding defendants should be labeled "B. DEFENDANT(S) INFORMATION."*

Defendant 1:   Officer **Horst**; Correctional Officer
              (Name, job title, and complete mailing address)

              Colorado Department of Correction
              c/o Officer Horst
              1250 Academy Park Loop
              Colorado Springs, Colorado 80910

              At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law?  ✓ Yes ___ No (*check one*).  Briefly explain:

              At all times mentioned herein, acted as a correctional officer for the Colorado Department of Corrections.

              Defendant 1 is being sued in his/her ✓ individual and/or ___ official capacity.

Defendant 2:   Officer **Shultz**; Correctional Officer
              (Name, job title, and complete mailing address)

              Colorado Department of Correction
              c/o Officer Shultz
              1250 Academy Park Loop
              Colorado Springs, Colorado 80910

              At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law?  ✓ Yes ___ No (*check one*).  Briefly explain:

              At all times mentioned herein, acted as a correctional officer for the Colorado Department of Corrections.

              Defendant 2 is being sued in his/her ✓ individual and/or ___ official capacity.

**B.   DEFENDANT(S) INFORMATION**

Defendant 3:   Unknown Administrative Agent
(Name, job title, and complete mailing address)

Colorado Department of Correction
c/o Unknown Administrative Agent
1250 Academy Park Loop
Colorado Springs, Colorado 80910

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law?  ✓ Yes ___ No (*check one*).  Briefly explain:

At all times mentioned herein, acted as an agent for the Colorado Department of Corrections.

Defendant 3 is being sued in his/her ✓ individual and/or ___ official capacity.

**C.   JURISDICTION**

*Indicate the federal legal basis for your claim(s): (check all that apply)*

✓   State/Local Official (42 U.S.C. § 1983)

___   Federal Official
As to the federal official, are you seeking:
___ Money damages pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971)
___ Declaratory/Injunctive relief pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1361, or 28 U.S.C. § 2201

___   Other: (*please identify*) _____

D.  **STATEMENT OF CLAIM(S)**

*State clearly and concisely every claim that you are asserting in this action. For each claim, specify the right that allegedly has been violated and state all facts that support your claim, including the date(s) on which the incident(s) occurred, the name(s) of the specific person(s) involved in each claim, and the specific facts that show how each person was involved in each claim. You do not need to cite specific legal cases to support your claim(s). If additional space is needed to describe any claim or to assert additional claims, use extra paper to continue that claim or to assert the additional claim(s). Please indicate that additional paper is attached and label the additional pages regarding the statement of claims as "D. STATEMENT OF CLAIMS."*

CLAIM ONE:   Eighth Amendment Rights – Reckless Endangerment

   Claim ONE is asserted against these Defendant(s): Defendants Horst and Shultz, jointly and severally.

   Supporting facts:

1. Prior to 09/21/2020, Plaintiff did not have any injuries to his spine.

2. On or about 09/21/2020, Defendants Horst and Shultz, severally, are fully trained transportation specialists for the Colorado Department of Corrections.

3. On or about 09/21/2020, at approximately 8:00 am, Plaintiff was loaded into a wheelchair accessible transport van by Defendant Horst.

4. Defendants Horst and Shultz, severally, are correctional officers with full authority to give Plaintiff "direct orders" to submit to any set of conditions Defendants Horst and/or Shultz believe are necessary for the safe and secure transportation of their prisoners.

5. Defendants Horst and Shultz did not place any of their passengers into seating restraints.

6. Plaintiff was handcuffed, belly-chained, and shackled. Plaintiff did not have the capacity to choose to seatbelt himself for lack of use of his hands.

7. Plaintiff was placed by, Defendant Horst, in the first row of seating behind the caged drivers' compartment, in the back of the van, which left approximately 4 to 5 feet of open space between Plaintiff and the steel cage. This space was intended for wheelchair accessibility.

8. Approximately 15 minutes into the transport to Denver General Hospital, Defendant Horst was recklessly driving at a dangerous speed, too close to the car in front of Defendant Horst, in heavy traffic through downtown Denver, when Defendant Horst suddenly swerved and slammed on the brakes to avoid crashing into the car Defendant Horst was trailing.



Page 5 of 12

D.  **STATEMENT OF CLAIM(S)**

9.  Being a fully trained transportation specialist for the Colorado Department of Corrections, Defendant Horst knew that such driving was reckless and fundamentally unsafe.

10. Yet despite such knowledge, made the deliberately indifferent, willful, wanton, and fundamentally reckless decision to ignore Defendant Horst's training, and place all occupants of Defendant Horst's vehicle in unreasonable risk of injury.

11. Defendant Shultz failed to intervene to prevent Defendant Horst's reckless driving.

12. The emergency stop – necessitated by Defendant Horst's reckless driving – directly caused Plaintiff to be ejected from his seat, and fly 4 to 5 feet, head/face first, into the steel cage at the front of the handicap transport van.

13. Defendant Horst pulled over and Defendant Shultz came to the back of the van where Plaintiff was crumpled on the floor.

14. Defendant Shultz put Plaintiff back in his seat.

15. While Defendant Shultz was putting Plaintiff back into his seat, Plaintiff informed Defendant Shultz that his head was throbbing, and that his neck and left knee were hurting.

16. Defendant Shultz told Plaintiff there was nothing that could be done until they returned to the prison.

17. No further attention was given to Plaintiff's injuries until the next day at the prison.

18. Defendant Shultz failed to report Defendant Horst's reckless driving to Defendant Shultz's supervisors.

19. To this day, Plaintiff still experiences back pain, head/neck pain, and tingling numbness from his neck to his left hand.

20. Plaintiff's head, neck/back, spine, and knee injuries, as well as the tingling numbness down Plaintiff's left arm, are the direct result of Defendants Horst and Shultz, severally, willfully, wantonly, and with callous indifference[1] to the health and safety of Plaintiff, making the malicious and sadistic decision to ignore Defendant Horst and Shultz's training, subjecting Plaintiff to an unreasonable risk of injury from Defendant Horst's reckless driving, and failing to take reasonable measures to protect Plaintiff from the unreasonable risk of injury from reckless driving, during Plaintiff's transport to the Denver General Hospital on or about 09/21/2022; Defendants Horst and Shultz's actions and inactions constituted a failure to protect violation of the Eight Amendment to the United States Constitution, causing Plaintiff pain, suffering, physical injury, emotional distress, and impairment to Plaintiff's quality of life.

---

[1] Fed. R. Civ. P. 9(b) Conditions of Mind.

Page 6 of 12

## D. STATEMENT OF CLAIM(S)

CLAIM TWO:   Eighth Amendment Rights – Denial of Medical Treatment

Claim TWO is asserted against these Defendant(s): Defendants Horst and Shultz, jointly and severally.

Supporting facts:

21. Plaintiff includes by reference paragraphs 1 through 20 as though stated fully here[2].

22. Defendant Horst pulled over and Defendant Shultz came to the back of the van where Plaintiff was crumpled on the floor.

23. Defendant Shultz put Plaintiff back in his seat.

24. While Defendant Shultz was putting Plaintiff back into his seat, Plaintiff informed Defendant Shultz that his head was throbbing, and that his neck and left knee were hurting.

25. Defendants Horst and Shultz are not trained medical personnel.

26. Defendant Shultz told Plaintiff there was nothing that could be done until they returned to the prison.

27. Upon arrival at Denver General Hospital, Plaintiff asked Defendant Shultz if he could have one of the hospital medical personnel attend to his injuries.

28. Defendant Shultz told Plaintiff they were only at the hospital for his previously scheduled eye issue, and that his injuries would not be addressed until they returned to the prison.

29. Upon arrival back at the prison, Defendants Horst and Shultz would not allow Plaintiff to go to the prison medical facilities to have prison medical personnel attend to his injuries.

30. Defendants Horst and Shultz failed to intervene and ensure Plaintiff went to the prison medical facilities and have prison medical personnel attend to his injuries.

31. Instead, Plaintiff was ordered to return to his living unit.

32. The next morning, on or about 09/22/2022, Plaintiff woke up with a new symptom: tingling numbness from Plaintiff's neck to his left hand.

33. At approximately 7:00 am, Plaintiff was finally allowed to go to medical facilitates at the prison.

34. To this day, Plaintiff still experiences back pain, head/neck pain, and tingling numbness from his neck to his left hand.

---

[2]   Fed. R. Civ. P. 10(c), Adoption by Reference.

### D.     STATEMENT OF CLAIM(S)

35.  Defendants Horst and Shultz, severally, willfully, wantonly, and with callous indifference[3] to the health and safety of Plaintiff, made the malicious and sadistic decision to refuse to allow the medical personnel at Denver General Hospital attend to Plaintiff's injuries, and made the malicious and sadistic decision to refuse to take Plaintiff to the prison medical facilities to have prison medical personnel attend to his injuries; constitutes deliberate indifference to Plaintiff's serious medical needs in violation of the Eighth Amendment to the United States Constitution, causing Plaintiff pain, suffering, physical injury, emotional distress, and impairment to Plaintiff's quality of life.

---

[3]  Fed. R. Civ. P. 9(b) Conditions of Mind.

D.    **STATEMENT OF CLAIM(S)**

CLAIM THREE:   <u>Eighth Amendment Rights – Denial of Medical Treatment</u>

Claim THREE is asserted against these Defendant(s): Unknown Administrative Agent, severally.

Supporting facts:

36.   Plaintiff includes by reference paragraphs 1 through 35 as though stated fully here[4].

37.   On date discoverable, and after 09/22/2022, Plaintiff received a MRI showing Plaintiff's C5 and C6 vertebrae were damaged.

38.   On date discoverable, a discoverable medical specialist placed a formal request for Plaintiff to receive a "Spinal Injection – Cervical TFESI" "for diagnostic and therapeutic purposes" of Plaintiff's multilevel degenerative changes including foraminal stenosis at C5-6 on the left which corresponds with his symptoms."

39.   On date discoverable, Plaintiff was approved for this procedure.

40.   On or about 11/16/2022, an Unknown Administrative Agent, capriciously and arbitrarily ordered Plaintiff's "Spinal Injection – Cervical TFESI" to be cancelled, with full knowledge that the cancellation of Plaintiff's *pre-approved* medical procedure lacked any reasonable penological interest, and would cause unnecessary and undue continuation of Plaintiff's pain and suffering.

41.   To this day, Plaintiff still experiences back pain, head/neck pain, and tingling numbness from his neck to his left hand.

42.   Defendant Unknown Administrative Agent, willfully, wantonly, and with callous indifference[5] to the health and safety of Plaintiff, made the deliberate decision to be cancelled, with full knowledge that the cancellation of Plaintiff's *pre-approved* medical procedure lacked any reasonable penological interest, and would cause unnecessary and undue continuation of Plaintiff's pain and suffering; Unknown Administrative Agent's denial of Plaintiff's pre-approved medical care constitutes deliberate indifference to Plaintiff's serious medical needs in violation of the Eight Amendment to the United States Constitution, causing Plaintiff pain, suffering, physical injury, emotional distress, and impairment to Plaintiff's quality of life.

---

[4]   Fed. R. Civ. P. 10(c), Adoption by Reference.
[5]   Fed. R. Civ. P. 9(b) Conditions of Mind.

E.   **PREVIOUS LAWSUITS**

Have you ever filed a lawsuit, other than this lawsuit, in any federal or state court while you were incarcerated? ___ Yes _✓_ No (*check one*).

*If your answer is "Yes," complete this section of the form. If you have filed more than one previous lawsuit, use additional paper to provide the requested information for each previous lawsuit. Please indicate that additional paper is attached and label the additional pages regarding previous lawsuits as "E. PREVIOUS LAWSUITS."*

Name(s) of defendant(s): _____

Docket number and court: _____

Claims raised: _____

Disposition: (is the case still pending?
has it been dismissed?; was relief granted?) _____

Reasons for dismissal, if dismissed: _____

Result on appeal, if appealed: _____

F.   **ADMINISTRATIVE REMEDIES**

*WARNING: Prisoners must exhaust administrative remedies before filing an action in federal court regarding prison conditions. See 42 U.S.C. § 1997e(a). Your case may be dismissed or judgment entered against you if you have not exhausted administrative remedies.*

Is there a formal grievance procedure at the institution in which you are confined?

   _✓_ Yes ___ No (*check one*)

Did you exhaust administrative remedies?

   _✓_ Yes ___ No (*check one*)[6]

---

[6]   R-DU20/21-0017945-1,2,3; C-DU20/21-00179042-1,2,3; C-DU20/21-00179605-1,2,3

Page 10 of 12

G. **REQUEST FOR RELIEF**

*State the relief you are requesting or what you want the court to do. If additional space is needed to identify the relief you are requesting, use extra paper to request relief. Please indicate that additional paper is attached and label the additional pages regarding relief as "G. REQUEST FOR RELIEF."*

Wherefore, Plaintiff, *pro se*, requests the Court grant the following relief:

1. Award compensatory damages in the following amounts:

    a. $ 75,000.00 jointly and severally against Defendants Horst and for the pain, suffering, physical injury, emotional distress, and impairment to Plaintiff's quality of life resulting from Defendants Horst and Shultz's failure to protect Plaintiff from reckless and permanent neurological injury.

    b. $ 75,000.00 jointly and severally against Defendants Horst and Shultz for the pain, suffering, physical injury, emotional distress, and impairment to Plaintiff's quality of life resulting from Defendants Horst and Shultz's deliberate indifference to Plaintiff's serious medical.

    c. $ 75,000.00 severally against Unknown Administrative Agent for the pain, suffering, physical injury, emotional distress, and impairment to Plaintiff's quality of life resulting from Defendant Unknown Administrative Agent's denial of Plaintiff's *pre-approved* medical care.

2. Award punitive damages in the following amounts:

    a. $ 225,000.00 against Defendants Horst.

    b. $ 225,000.00 against Defendants Shultz.

    c. $ 225,000.00 against Defendants Unknown Administrative Agent.

3. Award nominal damages in the following amounts:

    a. $ 10.00 each against Defendants Horst.

    b. $ 10.00 each against Defendants Shultz.

    c. $ 10.00 against Defendant Unknown Administrative Agent.

4. Recovery of Plaintiff's costs in this suit.

5. Any other relief the Court deems just, proper, and equitable.

Page 11 of 12

**H.    PLAINTIFF'S SIGNATURE**

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

_____
(Plaintiff's signature)

22 - MARCH 2023
(Date)

(Revised November 2022)

**Colorado Department of Corrections**
Name: PAUL FREEMAN
Register Number: 135440
Unit: South 2-E-12
Box Number: 2017
City, State, Zip: Buena Vista Co 81211

UNITED STATES DISTRICT COURT
ATT: 22-CV-02277-GPG
901 19TH STREET Room A-105
DENVER, CO. 80294-3589

Denver, CO PBDC 802 ZIP
THU 23 MAR 2023 AM

Restricted Inspection Mail

**Inspection Mail Stamp**

BVCF 3/22/23
FACILITY DATE REC'D

Rinke 23335 MR
STAFF LAST NAME ID# INT

135440 FREEMAN P
DOC# OFFENDER LAST NAME INT