IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang

Civil Action No. 22-cv-02277-NYW-STV

PAUL L. FREEMAN,

    Plaintiff,

v.

OFFICER HORST,
OFFICER SCHULTZ, and
UNKNOWN ADMINISTRATIVE AGENT,

    Defendants.

## ORDER ON MAGISTRATE JUDGE'S RECOMMENDATION AND ORDER TO SHOW CAUSE

This matter is before the Court on the Recommendation of United States Magistrate Judge Scott T. Varholak issued on October 5, 2023. [Doc. 55]. Judge Varholak recommends that the Motion to Dismiss Amended Complaint (the "Motion to Dismiss") filed by Defendants Horst and Schultz, [Doc. 45], be granted and that Plaintiff's claims be dismissed. [Doc. 55 at 17]. Judge Varholak also recommends that Plaintiff be granted leave to file a Second Amended Complaint within 21 days of this Court's Order ruling on the Recommendation. [*Id.* at 17–18]. Plaintiff filed objections to the Recommendation on November 17, 2023. [Doc. 63].[1] Defendants Horst and Schultz

---

[1] Plaintiff's deadline to respond to the Recommendation was originally October 19, 2023. *See* Fed. R. Civ. P. 72(b)(2). Plaintiff moved for an extension of time to file objections, *see* [Doc. 60], and this Court extended Plaintiff's deadline to November 15, 2023, *see* [Doc. 61]. Because Plaintiff is currently incarcerated and was served with the Recommendation via mail, his objections were timely filed. *See* Fed. R. Civ. P. 6(d) ("When a party may or must act within a specified time after being served and service is

responded to Plaintiff's objections on November 30, 2023. [Doc. 64]. For the reasons set forth in this Order, Plaintiff's objections are **OVERRULED** and the Recommendation is **ADOPTED in part**.

## LEGAL STANDARDS

### I.   Rule 72(b)

A district court may refer a dispositive motion to a magistrate judge for recommendation. 28 U.S.C. § 636(b)(1)(B). The district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).[2] Such specific objections permit "the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id.* at 1059.

### II.   Dismissal Under Rule 12(b)(6)

Under Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a motion under Rule 12(b)(6), the Court must "accept as true all well-pleaded factual allegations . . . and view these allegations in the light most favorable to the plaintiff." *Casanova v. Ulibarri*,

---

made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a).").

[2] In addition, the undersigned's Civil Practice Standards require that "[a] party objecting to a Magistrate Judge's Recommendation must identify, with particularity, the specific portions of the Recommendation that are the basis for the Objection," and "[o]bjections must include specific citations to the case record . . . that form the objecting party's arguments." *See* NYW Civ. Practice Standard 72.3(b).

595 F.3d 1120, 1124 (10th Cir. 2010).  The plaintiff may not rely on mere labels or conclusions, "and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Rather, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted); *see also Robbins v. Oklahoma*, 519 F.3d 1242, 1247, 1249 (10th Cir. 2008) (explaining that plausibility refers "to the scope of the allegations in a complaint," and that the allegations must be sufficient to nudge a plaintiff's claim(s) "across the line from conceivable to plausible").

## BACKGROUND

Judge Varholak's Recommendation sets forth the factual background of this case in detail.  *See* [Doc. 55 at 1–4].  The Court adopts Judge Varholak's recitation of the facts and repeats it here only as necessary for purposes of this Order.

Plaintiff Paul L. Freeman ("Plaintiff" or "Mr. Freeman") is currently incarcerated in the Buena Vista Correctional Facility ("BVCF"), which is part of the Colorado Department of Corrections ("CDOC").  *See* [Doc. 36 at 2].  Defendants Horst and Schultz are correctional officers working for the CDOC and are "fully trained transportation specialists."  [*Id.* at 3; *id.* at ¶ 2].  Mr. Freeman alleges that on September 21, 2020, Defendant Horst loaded him into a wheelchair-accessible van to transport him to the hospital for treatment for "an eye issue," but did not secure Plaintiff with a seatbelt.  [*Id.* at ¶¶ 3, 5, 28].  According to Plaintiff, Defendant Horst was driving recklessly "at a dangerous speed, too close to the car in front of [him], in heavy traffic through downtown Denver" and then "suddenly swerved and slammed on the brakes to avoid crashing into the car [he] was trailing."  [*Id.* at ¶ 8].  This caused Mr. Freeman to "fly 4 to 5 feet,

3

head/face first, into the steel cage at the front of the handicap transport van." [*Id.* at ¶ 12]. Mr. Freeman alleges he was injured when he was thrown forward in the van. [*Id.* at ¶¶ 19–20].

Mr. Freeman also alleges that, after Defendant Horst pulled over, Defendant Schultz, who was apparently a passenger in the vehicle, came to the back of the van and put Plaintiff back in his seat. [*Id.* at ¶¶ 22–23]. Mr. Freeman informed Defendant Schultz that he was in pain and asked if he could have hospital personnel treat his injuries; Defendant Schultz informed Plaintiff that his injuries would not be addressed until they returned to the prison. [*Id.* at ¶¶ 24, 26, 28]. Mr. Freeman further alleges that, once they arrived back at the prison, Defendants Horst and Schultz denied Plaintiff the opportunity to visit the medical facility to have his injuries treated. [*Id.* at ¶ 29].

Mr. Freeman initiated this lawsuit on September 2, 2022, [Doc. 1], and filed his Amended Complaint on March 27, 2023, [Doc. 36]. He asserts three causes of action: (1) an Eighth Amendment claim of "reckless endangerment" against Defendants Horst and Schultz ("Claim One"); (2) an Eighth Amendment medical deliberate indifference claim against Defendants Horst and Schultz ("Claim Two"); and (3) an Eighth Amendment deliberate indifference claim, based on the alleged deprivation of pre-approved medical treatment in the fall of 2022, against an "Unknown Administrative Agent" ("Claim Three"). [*Id.* at 5–9]. Defendants moved to dismiss each of Plaintiff's claims under Rule 12(b)(6). *See* [Doc. 45].

Judge Varholak recommends granting the Motion to Dismiss. *See* [Doc. 55]. Relevant here, with respect to Plaintiff's Eighth Amendment "reckless endangerment" or "reckless driving" claim, Judge Varholak concluded that Mr. Freeman failed to meet his

4

burden to demonstrate that Defendants Horst or Schultz violated clearly established law when operating the transport van. [*Id.* at 13]. He also concluded that Mr. Freeman failed to state a claim upon which relief could be granted as to both Claims Two and Three. [*Id.* at 13–17].

Mr. Freeman objects to the portion of the Recommendation wherein Judge Varholak concluded that, with respect to Claim One, Plaintiff failed to allege a violation of clearly established law. [Doc. 63 at ¶ 1]. He states that he has "found some existing precedent that specifically addresses prisoners being transported without a seatbelt by a reckless driver, as [he] has alleged in his Amended Complaint," citing to *Brown v. Fortner*, 518 F.3d 552 (8th Cir. 2008). [Doc. 63 at ¶ 3]. He also directs the Court to the Amended Complaint's allegations that Defendant Horst knew he was driving recklessly and argues that "it is reasonably inferred that Defendant Horst knew he was breaking the law." [*Id.* at ¶¶ 5–7]. The Court reviews Plaintiff's objections and the Recommendation below.

## ANALYSIS

### I. Claim One

Judge Varholak recommends that Claim One, the reckless endangerment claim, be dismissed on the basis of qualified immunity. [Doc. 55 at 9–13]. The doctrine of qualified immunity protects government officials from individual liability for actions carried out while performing their official duties so long as their conduct does not violate clearly established constitutional or statutory rights. *Washington v. Unified Gov't of Wyandotte Cnty.*, 847 F.3d 1192, 1197 (10th Cir. 2017). Once a defendant has asserted a defense of qualified immunity, the burden shifts to the plaintiff, who must establish that (1) the defendant violated a constitutional right, and (2) the right was clearly established at the

5

time of the defendant's action. *Puller v. Baca*, 781 F.3d 1190, 1196 (10th Cir. 2015). The Court may address the two prongs of the qualified-immunity analysis in either order. *Cummings v. Dean*, 913 F.3d 1227, 1239 (10th Cir. 2019).

Judge Varholak concluded that even if Plaintiff had adequately alleged a constitutional violation, he has not sufficiently alleged any violation of clearly established law. [Doc. 55 at 11–13]. As noted by Judge Varholak, Plaintiff had not cited any "case by the Supreme Court or the Tenth Circuit that would clearly establish that it was a violation of the Eighth Amendment for Defendants to operate the transport vehicle in the manner which has been alleged here," nor had Judge Varholak located any such case. [*Id.* at 12]; *see also Washington*, 847 F.3d at 1197 ("In this circuit, a right is clearly established when a Supreme Court or Tenth Circuit decision is on point, or if the clearly established weight of authority from other courts shows that the right must be as the plaintiff maintains." (quotation omitted)). Judge Varholak also concluded that the weight of authority from other courts did not demonstrate that the law was clearly established at the time of the alleged constitutional violation. [Doc. 55 at 12]. As explained by Judge Varholak, the weight of authority establishes that the Eighth Amendment is violated when government officials recklessly operate transport vehicles and where there are allegations of alleged drug or alcohol use by the driver, warnings from other drivers, "or some other excessive risk that should have made the danger patently obvious to any prison official." [*Id.* at 13]. Judge Varholak distinguished those types of allegations from the allegations in this case and concluded that Plaintiff failed to carry his burden to allege a violation of clearly established law. [*Id.* at 12–13].

6

Plaintiff objects to this conclusion.  He argues that he has "found some existing precedent that specifically addresses prisoners being transported without a seatbelt by a reckless driver, as [he] has alleged in his Amended Complaint."  [Doc. 63 at ¶ 3].  Mr. Freeman directs this Court to two cases:  *Brown v. Fortner*, 518 F.3d 552 (8th Cir. 2008); and *Brown v. Larsen*, 653 F. App'x 577 (10th Cir. 2016).  *See* [Doc. 63 at ¶¶ 3–4].

Neither of these cases were cited or relied upon in Plaintiff's Response to the Motion to Dismiss.  *See generally* [Doc. 53].  The undersigned's Civil Practice Standards state that the Court "disfavors the consideration of arguments . . . not made to the Magistrate Judge," and requires that "[s]hould the objecting party seek to make arguments . . . that were not raised before the Magistrate Judge, such party must expressly identify those arguments . . . and explain why such omitted arguments . . . should be considered, in the first instance, upon Objection."  NYW Civ. Practice Standard 72.3(b).  Mr. Freeman does not explain why the Court should entertain arguments that were not raised before Judge Varholak.  *See generally* [Doc. 63].  And Defendants' Motion to Dismiss even cited the Eighth Circuit's *Brown v. Fortner* decision in favor of dismissal, *see* [Doc. 45 at 6–7], such that Plaintiff was on notice of that case at the time he filed his Response.  Accordingly, Plaintiff's arguments, raised for the first time in his objections, are waived.  *See Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

In any event, while the Court notes some similarities between the allegations in Plaintiff's Amended Complaint and the circumstances in *Brown v. Fortner*, the Court cannot conclude that the law was clearly established at the time of the alleged

constitutional violation based on one out-of-Circuit opinion. As explained above, a right is clearly established if there is a Supreme Court or Tenth Circuit decision on point or if the weight of authority in other courts provides that the right is clearly established. *See Washington*, 847 F.3d at 1197; *DeSpain v. Uphoff*, 264 F.3d 965, 979 (10th Cir. 2001). However, the Tenth Circuit has instructed that one out-of-Circuit case "is insufficient to constitute the weight of authority from other circuits that is necessary to finding it clearly established that defendants' particular conduct violated [the plaintiff's] rights." *Routt v. Howry*, 835 F. App'x 379, 385 (10th Cir. 2020). Accordingly, Plaintiff's belated reliance on *Brown v. Fortner* is insufficient to survive the Motion to Dismiss.

In addition, Plaintiff directs the Court to a footnote in *Brown v. Larsen* "[f]or more citations to other Eighth Amendment violation cases where prisoners were transported without seatbelts by a reckless driver." [Doc. 63 at ¶ 4 (citing *Brown v. Larsen*, 653 F. App'x at 580 n.3)]. In *Brown v. Larsen*, the Tenth Circuit did not expressly discuss the federal doctrine of qualified immunity or whether it was clearly established that reckless driving could violate the Eighth Amendment of the United States Constitution; rather, the Tenth Circuit affirmed the grant of summary judgment in the defendants' favor on the plaintiff's "unnecessary rigor" claim (an analogue to an Eighth Amendment claim) that had been asserted under the Utah Constitution. *See* 653 F. App'x at 578. The Tenth Circuit concluded that the plaintiff had failed to establish that the defendants acted egregiously and unreasonably and had exposed her to an obvious risk of serious injury, as required under Utah law. *Id.* at 578–79. In footnote 3, referenced by Plaintiff, the Tenth Circuit cited a number of cases in which the Court similarly found that allegations of reckless

8

driving were insufficient to support a constitutional claim. *See id.* at 580 n.3. Accordingly, *Brown v. Larsen* does not demonstrate clearly established law here.

Finally, Plaintiff notes that the Tenth Circuit has stated that "[q]ualified immunity protects all but the plainly incompetent or those who knowingly violate the law." [Doc. 63 at ¶ 5 (quoting *Aldaba v. Pickens*, 844 F.3d 870, 877 (10th Cir. 2016) (quotation omitted)). He argues that it is "reasonably inferred that Defendant Horst knew he was breaking the law by driving recklessly" because Plaintiff has alleged that Defendant Horst was a fully trained transportation specialist and that he knew the way he was driving was reckless. [Doc. 63 at ¶¶ 6–7]. However, allegations that Defendant Horst acted knowingly or knew that he was driving recklessly do not demonstrate that the state of constitutional law was objectively clearly established at the time of the alleged violation. *See Frasier v. Evans*, 992 F.3d 1003, 1015 (10th Cir. 2021) ("[A] defendant's eligibility for qualified immunity is judged by an objective standard and, therefore, what the officer defendants subjectively understood or believed the law to be was irrelevant with respect to the clearly-established-law question.").

For these reasons, the Court finds no error in Judge Varholak's analysis as to whether Plaintiff met his burden to allege that Defendants Horst and Schultz violated clearly established law. Plaintiff's objections are respectfully **OVERRULED** and this portion of the Recommendation is **ADOPTED**. The Motion to Dismiss is respectfully **GRANTED** with respect to Claim One, and Claim One is **DISMISSED without prejudice**.

9

## II. Claim Two

Judge Varholak also recommends that Plaintiff's second claim be dismissed without prejudice for failure to state a claim under Rule 12(b)(6). [Doc. 55 at 13–16]. Plaintiff did not object to this portion of the Recommendation. *See generally* [Doc. 63].

In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a [magistrate judge's] factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In this matter, the Court has reviewed Judge Varholak's analysis and recommended disposition of Plaintiff's second claim to satisfy itself that there is "no clear error on the face of the record."[3] Fed. R. Civ. P. 72(b), advisory committee's note to 1983 amendment. Based on this review, the Court has concluded that this portion of the Recommendation is thorough, well-reasoned, and a correct application of the facts and the law.

Accordingly, the Recommendation is **ADOPTED** insofar as it recommends that the Court dismiss Claim Two under Rule 12(b)(6), and the Motion to Dismiss is **GRANTED** to the extent it seeks dismissal of that claim. Claim Two is therefore **DISMISSED without prejudice**.

---

[3] This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review. Fed. R. Civ. P. 72(b).

### III. Claim Three

The Motion to Dismiss, which was filed by Defendants Horst and Schultz, also seeks dismissal of Claim Three. [Doc. 45 at 14]. Judge Varholak recommends that this portion of the Motion to Dismiss be granted and that Plaintiff's third claim be dismissed without prejudice. [Doc. 55 at 16–17]. Plaintiff did not object to this portion of the Recommendation. *See generally* [Doc. 63]. However, the Court respectfully declines to adopt this portion of the Recommendation.

Although Defendants Horst and Schultz seek dismissal of Claim Three, this claim is not asserted against Defendants Horst or Schultz—it is asserted only against Unknown Administrative Agent. *See* [Doc. 36 at 9]. "It is generally accepted that parties lack standing to seek dismissal of parties other than themselves." *EEOC v. Brooks Run Mining Co.*, No. 5:08-cv-00071, 2008 WL 2543545, at *2 (S.D. W. Va. June 23, 2008); *see also Shultz v. Nomac Drilling, L.L.C.*, No. 5:17-cv-00169-R, 2017 WL 2958621, at *2 n.3 (W.D. Okla. July 11, 2017) (collecting cases for this proposition).

The Court notes that Unknown Administrative Agent was sued in his individual capacity, *see* [Doc. 36 at 4], and there is no indication on the docket that counsel for Defendants Horst and Schultz is authorized to represent Unknown Administrative Agent, who has yet to be identified by Plaintiff. Accordingly, Defendants Horst and Schultz lack standing to seek dismissal of Claim Three, *Brooks Run Mining Co.*, 2008 WL 2543545, at *2, and the Court declines to grant this portion of the Motion to Dismiss. Accordingly, the Motion to Dismiss is **DENIED** insofar as it seeks dismissal of Claim Three.[4]

---

[4] The Tenth Circuit has instructed that standing is a jurisdictional issue and a court is required to sua sponte determine whether there exists an Article III case or controversy before it. *See Rector v. City & Cnty. of Denver*, 348 F.3d 935, 942 (10th Cir. 2003). The

11

Nevertheless, Claim Three may be subject to dismissal based on Plaintiff's failure to more specifically identify the Unknown Administrative Agent.  Under Rule 10 of the Federal Rules of Civil Procedure, "a caption to a complaint must include the names of all parties."  *Culp v. Williams*, No. 10-cv-00886-CMA-CBS, 2011 WL 1597686, at *3 (D. Colo. Apr. 27, 2011), *appeal dismissed*, 456 F. App'x 718 (10th Cir. 2012).  The "Federal Rules of Civil Procedure do not explicitly allow the naming of fictitious or anonymous parties in a lawsuit," and for this reason, "'an action may be dismissed if the defendant is not sufficiently identified to permit service of process.'"  *Id.* (quoting *Stratton v. City of Boston*, 731 F. Supp. 42, 45 (D. Mass. 1989)).  Accordingly, where allegations against an unnamed defendant "are vague and fail to meet the pleading standards under" *Twombly*, claims against the unnamed defendant may properly be dismissed.  *Id.*; *see also, e.g.*, *Pearson v. Colo. Dep't of Transp.*, No. 18-cv-02538-KLM, 2019 WL 3550208, at *4–5 (D. Colo. Aug. 5, 2019).

In this case, the Amended Complaint was filed in March of 2023 and Plaintiff has yet to identify the Unknown Administrative Agent.  The Court recognizes that Plaintiff has not had the benefit of discovery in this case, "which could disclose the exact identity of" the Unknown Administrative Agent.  *Saffron v. Wilson*, 70 F.R.D. 51, 56 (D.D.C. 1975).  However, although Plaintiff is an incarcerated pro se litigant, his pro se status does not exempt him from complying with the Federal Rules of Civil Procedure, *see Murray v. City of Tahlequah*, 312 F.3d 1196, 1199 n.3 (10th Cir. 2002), and it is Plaintiff's responsibility

---

Court finds this rationale applicable here and finds it must sua sponte consider whether Defendants Horst and Schultz have standing to seek dismissal of Claim Three.

to properly identify the parties he sues in this case, *see generally Culp*, 2011 WL 1597686, at *3.[5]

Accordingly, it is **ORDERED** that, on or before **January 5, 2024**, Plaintiff shall **SHOW CAUSE** in writing why his claim against Unknown Administrative Agent should not be dismissed without prejudice under Rule 10 for failure to identify the Unknown Administrative Agent. **The failure to respond to the Court's Order to Show Cause by this deadline may result in the Court dismissing Claim Three without prejudice without further notice.**

## CONCLUSION

Based on the above analysis, **IT IS ORDERED** that:

(1) Plaintiff's objections [Doc. 63] are **OVERRULED**;

(2) The Recommendation of United States Magistrate Judge [Doc. 55] is **ADOPTED in part**;

(3) Defendants' Motion to Dismiss Amended Complaint [Doc. 45] is **GRANTED in part** and **DENIED in part**;

(4) Plaintiff's Claims One and Two against Defendants Horst and Schultz are **DISMISSED without prejudice** under Rule 12(b)(6);

---

[5] Furthermore, while the Court notes that Claim Three is based on events that allegedly occurred in September and November 2022, *see* [Doc. 36 at 9], the failure to actually identify Unknown Administrative Agent may give rise to future issues with respect to the applicable statute of limitations. Should Plaintiff identify the Unknown Administrative Agent and seek to add that person as a named party to this case, the "substitution of named defendants for the original unknown 'John Doe' defendants [would] amount[] to adding a new party" in this case and the "requirements of Rule 15(c)(3) [would need to] be met in order for [any] amended pleading[] to relate back to the date of the original." *Garrett v. Fleming*, 362 F.3d 692, 696 (10th Cir. 2004).

(5) Plaintiff is **GRANTED LEAVE** to file a Second Amended Complaint on or before **January 5, 2024**.  **Plaintiff is expressly advised that the failure to file a Second Amended Complaint by the Court's deadline may result in the Court dismissing Defendants Horst and Schultz from this case without further notice from the Court**;

(6) On or before **January 5, 2024**, Plaintiff shall **SHOW CAUSE** in writing why his claim against Unknown Administrative Agent should not be dismissed without prejudice under Rule 10 of the Federal Rules of Civil Procedure. **Plaintiff is advised that the failure to respond to the Court's Order to Show Cause by this deadline may result in the Court dismissing Claim Three without prejudice without further notice**; and

(7) A copy of this Order shall be sent to:

Paul L. Freeman, #135440
Buena Vista Correctional Facility (BVCF)
P.O. Box 2017
Buena Vista, CO 81211

DATED:  December 14, 2023

BY THE COURT:

_____
Nina Y. Wang
United States District Judge